RECEIVED
IN ALEXANDRIA, LA
JAN 19 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| BOBBY LYNN ALBERT,<br>Appellant | CIVIL ACTION<br>NO. CV05-2236-A |
| VERSUS | |
| JO ANNE B. BARNHART, COMMISSIONER<br>OF SOCIAL SECURITY,<br>Appellee | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Bobby Lynn Albert ("Albert") filed an application for disability insurance benefits ("DIB") on November 19, 2003, alleging a disability onset date of May 9, 2003 (Tr. p. 79), due to the residuals of a cut he had sustained on his right foot and right ankle problems (Tr. pp. 87-88). That application was denied by the Social Security Administration ("SSA") on January 12, 2004 (Tr. p. 34).

A de novo hearing was held before an administrative law judge ("ALJ") on February 2, 2005 (Tr. pp. 176-200), at which Albert appeared with a vocational expert ("VE"). The ALJ found that Albert had a "severe" impairment of "fractures of the lower limb," but has the residual functional capacity to sit, stand or walk for six hours in an eight hour day, cannot climb ropes or ladders, can only occasionally use ramps or stairs, cannot use right foot controls, cannot walk on uneven surfaces, and can only occasionally

crouch, crawl or stoop (Tr. p. 30). The ALJ further found that, although Albert cannot perform his past relevant work as a truck driver and bush hog operator and is an individual closely approaching advanced age with a high school or equivalent education, he has transferrable work skills and can perform such light level work as route delivery, office clerk or gate guard (Tr. pp. 30-31). The ALJ concluded that Albert was not under a disability as defined in the Social Security Act ("SSA") at any time through the date of his decision on March 21, 2005 (Tr. p. 31).

Albert sought review of the ALJ's decision, and the Appeals Counsel remanded Albert's case to the ALJ with instructions to (1) give further consideration to the treating source opinion, explain the weight given to that opinion, and request additional information from the treating source if necessary (Tr. p. 63), (2) obtain evidence from a vocational expert to clarify the effect of the assessed limitations on Albert's occupational base and resolve any conflicts between the occupational evidence and the Dictionary of Occupational Titles, and (3) hold an additional hearing if necessary (Tr. p. 64).

On remand, a second hearing was held before an ALJ on August 20, 2005 (Tr. pp. 150-75), at which Albert appeared with his attorney and a VE. The ALJ then found that Albert can lift and/or carry twenty pounds occasionally and ten pounds frequently, sit six hours in an eight hour day with alternating sitting and standing, and stand and/or walk six hours in an eight hour day, but Albert's

ability to push/pull is limited in the lower extremities, he cannot work around machinery or at heights, and he can only occasionally climb stairs, crawl, kneel, crouch, balance and stoop. The ALJ further found that Albert cannot perform any of his past relevant work, is closely approaching advanced age, has a more than high school education, has transferable work skills, and can perform sedentary work which exists in significant numbers in the national economy such as taxi cab starter, motor vehicle dispatcher, and surveillance systems monitor and, thus, was not under a disability at any time through the date of the ALJ's decision on September 1, 2005 (Tr. pp. 13-20).

Albert again requested a review of the ALJ's decision, but the Appeals Counsel declined to review it (Tr. p. 4), and the ALJ's decision became the final decision of the Commissioner of Social Security ("the Commissioner").

Albert next filed this appeal for judicial review of the Commissioner's final decision. Albert raises the following grounds for relief on appeal:

> 1. The ALJ erred in failing to accord proper weight to the treating physician's opinion and, as a result, erred in assessing Albert's residual functional capacity.
>
> 2. The ALJ erred in relying on the VE's testimony to find Albert is not disabled.

The Commissioner filed a brief (Doc. Item 9) in response to Albert's appeal (Doc. Item 8), to which Albert responded (Doc. Item 10). Albert's appeal is now before the court for disposition.

## Eligibility For DIB

To qualify for disability insurance benefits, a plaintiff must

meet certain insured status requirements, be under age 65, file an application for such benefits, and be under a disability as defined by the Social Security Act. 42 U.S.C. 416(i), 423. Establishment of a disability is contingent upon two findings. First, a plaintiff must suffer from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. 423 (d)(1)(A). Second, the impairments must render the plaintiff unable to engage in the work previously performed or in any other substantial gainful employment that exists in the national economy. 42 U.S.C. 423(d)(2).

## Scope of Review

In considering Social Security appeals such as the one that is presently before the Court, the Court is limited by 42 U.S.C. §405(g) to a determination of whether substantial evidence exists in the record to support the Commissioner's decision and whether there were any prejudicial legal errors. McQueen v. Apfel, 168 F.3d 152, 157 (5th Cir. 1999). For the evidence to be substantial, it must be relevant and sufficient for a reasonable mind to support a conclusion; it must be more than a scintilla but need not be a preponderance. Falco v. Shalala, 27 F.3d 160, 162 (5th Cir. 1994), citing Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 482 (1971). Finding substantial evidence does not involve a simple search of the record for isolated bits of evidence which support the Commissioner's decision but must include a scrutiny of the record as a whole. The substantiality of the

evidence must take into account whatever in the record fairly detracts from its weight. <u>Singletary v. Bowen</u>, 798 F.2d 818, 823 (5th Cir. 1986).

A court reviewing the Commissioner's decision may not retry factual issues, reweigh evidence, or substitute its judgment for that of the fact-finder. <u>Fraga v. Bowen</u>, 810 F.2d 1296, 1302 (5th Cir. 1987); <u>Dellolio v. Heckler</u>, 705 F.2d 123, 125 (5th Cir. 1983). The resolution of conflicting evidence and credibility choices is for the Commissioner and the ALJ, rather than the court. <u>Allen v. Schweiker</u>, 642 F.2d 799, 801 (5th Cir. 1981). Also, <u>Anthony v. Sullivan</u>, 954 F.2d 289, 295 (5th Cir. 1992). The court does have authority, however, to set aside factual findings which are not supported by substantial evidence and to correct errors of law. <u>Dellolio</u>, 705 F.2d at 125. But to make a finding that substantial evidence does not exist, a court must conclude that there is a "conspicuous absence of credible choices" or "no contrary medical evidence." <u>Johnson v. Bowen</u>, 864 F.2d 340 (5th Cir. 1988); <u>Dellolio</u>, 705 F.2d at 125.

<u>Law and Analysis</u>

1.

First, Albert contends the ALJ erred in failing to accord proper weight to the treating physician's opinion and, as a result, erred in assessing Albert's residual functional capacity.

In December 2003, Albert underwent a consultative examination with Dr. Sairav Shah (Tr. p. 121). Albert complains in his brief that Dr. Shah's area of medical expertise is not established

because his credentials are not in the record. There is no curriculum vitae in the administrative record for Dr. Shah, nor is there any indication in the record of what type of medicine he practices.[1] Since Dr. Shah's qualifications as an expert are not established in the record, this court gives no weight to Dr. Shah's opinion. Compare, Szekeres v. Sec'y of Dept. of Health and Human Serv., 2006 WL 3725133 (Fed.Cl. Nov 29, 2006) (not reported), citing Daubert v. Merrell Dow Pharm. Inc., 509 U.S. 579 (1993); Thacker v. Sec'y of Health and Human Serv., 920 F.2d 933 (6th Cir. 1990); Hightshue v. AIG Life Ins. Co., 939 F.Supp. 1350 (S.D.Ind. 1996)("A court may review the qualifications of an expert to determine whether selection of that expert was arbitrary and capricious."); Janeway v. Sec'y of Health and Human Serv., 702 F.Supp. 795 (C.D.Cal. 1988).

A physical residual functional capacity assessment was also

---

[1] It appears Dr. Shah graduated from the Indiana University School of Medicine in 2002 and subsequently did his residency training in three different areas at Tulane University in New Orleans. See
http://www.indiana.edu/~bulletin/iupui/medicine/2003-2005/appointments.html;
http://x500.tcs.tulane.edu/display_info.cfm?uid=sshah1;
http://www.som.tulane.edu/departments/medicine/Residency/applicants/residents/alphapage2.htm;
http://www.lsbme.louisiana.gov/documents/publications/officiallist2.pdf. According to American Medical Association online records, Dr. Shah obtained board certification in internal medicine and is currently practicing in Arizona, specializing in cardiovascular diseases. See
http://webapps.ama-assn.org/doctorfinder/member.do?id=1168443129360&index=0&page=1. Thus, it appears that Dr. Shah was a resident at the time he performed the consultative examination on Albert in December 2003, and lacked the expertise necessary for his opinion as to Albert's orthopedic problems to carry more weight than Dr. Bacilla's opinion.

completed on Albert by a Dr. Mullins, again unidentified in the administrative record. Again, since Dr. Mullins' qualifications as an expert are not established in the record, the court will give no weight to Dr. Mullins' opinion.

Dr. Phillip R. Bacilla, Jr., an orthopedic surgeon (Tr. p. 137), completed a Medical Source Statement form for Albert on March 9, 2004 (Tr. p. 132). Dr. Bacilla found Albert can lift and/or carry less than ten pounds both occasionally (up to 1/3 of an eight hour day) and frequently (up to 2/3 of an eight hour day), can stand and/or walk less than two hours in an eight hour day, must periodically alternate sitting and standing to relieve pain or discomfort, his ability to push and/or pull is limited in his lower extremities due to severe arthritis in his ankle, should never climb, balance, crouch or stoop, and should only occasionally kneel or crawl (Tr. pp. 132-133). Dr. Bacilla did not find any manipulative, visual, communicative or environmental restrictions for Albert (Tr. pp. 134-135).

Dr. Bacilla's assessment is the sole medical evidence in the record before this court. There are no other medical records for Albert.[2] The ALJ did not request additional medical evidence from Dr. Bacilla or any other physician, as suggested by the Appeals Council on remand. However, the ALJ, Appeals Council, and

---

[2] Interestingly, there are about fifty pages of medical records from LSU Health Sciences Center in Shreveport, Louisiana for a Brenda White. Neither attorney of record, nor the ALJ, mentions those records; it is not clear how or when they were included in the administrative record. However, it is clear that those records are not relevant to Albert's case.

Commissioner accepted the administrative record as sufficient to make a residual functional capacity assessment and disability determination. Since the evidence was adequate for the SSA, this court will accept the evidence of record as sufficient.

There is no medical evidence which controverts Dr. Bacilla's medical assessment. Dr. Bacilla found Albert cannot lift or carry ten pounds for any time period during the day, can walk or stand for only two hours, and should never climb, balance, crouch or stoop, whereas the ALJ found Albert can lift/carry ten pounds frequently and 20 pounds occasionally, can stand and/or walk six hours in an eight hour day, and can occasionally climb stairs, crawl, kneel, crouch, balance and stoop. Since the ALJ's findings as to Albert's residual functional capacity are controverted by Dr. Bacilla's opinion, the ALJ's findings are not supported by any medical evidence. An ALJ is not a medical doctor and is not qualified to make a medical assessment of a claimant. Frank v. Barnhart, 326 F.3d 618 (5th Cir. 2002). Since substantial evidence does not support the conclusions of the ALJ and the Appeals Council, the Commissioner's decision is incorrect as a matter of law.

2.

Albert also contends the ALJ erred in relying on the VE's testimony to find he is not disabled. The ALJ's hypothetical to the VE did not reflect Albert's true impairments, since the hypothetical concerned a person who is able to perform light work activity with some additional limitations. Dr. Bacilla's evidence

8

clearly shows Albert is limited to sedentary work with additional limitations.[3] The ALJ also specified Albert can alternate sitting and standing six hours a day, while Dr. Bacilla limited Albert to two hours per day of alternated sitting and standing. Therefore, the VE's responses to the incorrect hypothetical do not constitute substantial evidence which support the ALJ's/Commissioner's conclusions and decision.

Albert also contends the VE failed to specify what work skills were transferable to sedentary work. At Albert's first hearing in February 2005, the VE testified that Albert's skills from his work as a truck driver were transferable to light work, but not to sedentary work (Tr. p. 195).

At Albert's second hearing in September 2005, the VE testified that Albert's skills from his work as a truck driver were transferable to "lighter" work (Tr. p. 170). However, when asked, the VE was unable to specify what skills were transferable to

---

[3] "Light work" is defined in 20 C.F.R. § 404.1567(b) and § 416.967(c) as follows: "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities."
The Social Security regulations define sedentary work in §404.1567(a) as follows: "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking or standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met."

sedentary work, stating only that "[D]ispatchers deal with truck drivers. And that's... where those skills would come from. From the dispatch again, he didn't dispatch, but he was on the receiving end of dispatching." (Tr. pp. 173-174.) Although the ALJ characterized this as "the ability and familiarity of receiving dispatches" (Tr. p. 17), the VE's statement is analogous to stating that one who receives phone calls has the skills necessary to work as a telephone operator. Clearly, no "skill" was identified.

Social Security Ruling 82-41 (Program Policy Statement PPS-67), states in pertinent part:

> 2.a. What a "skill" is. A skill is knowledge of a work activity which requires the exercise of significant judgment that goes beyond the carrying out of simple job duties and is acquired through performance of an occupation which is above the unskilled level (requires more than 30 days to learn). It is practical and familiar knowledge of the principles and processes of an art, science or trade, combined with the ability to apply them in practice in a proper and approved manner. This includes activities like making precise measurements, reading blueprints, and setting up and operating complex machinery. A skill gives a person a special advantage over unskilled workers in the labor market.
> Skills are not gained by doing unskilled jobs, and a person has no special advantage if he or she is skilled or semiskilled but can qualify only for an unskilled job because his or her skills cannot be used to any significant degree in other jobs."

See also, 20 C.F.R. § 404.1568, which states in pertinent part:

> d) Skills that can be used in other work (transferability).
> (1) What we mean by transferable skills. We consider you to have skills that can be used in other jobs, when the skilled or semi-skilled work activities you did in past work can be used to meet the requirements of skilled or semi-skilled work activities of other jobs or kinds of work. This depends largely on the similarity of occupationally significant work activities among different jobs.
> (2) How we determine skills that can be transferred to other jobs. Transferability is most probable and

> meaningful among jobs in which--
> (i) The same or a lesser degree of skill is required;
> (ii) The same or similar tools and machines are used; and
> (iii) The same or similar raw materials, products, processes, or services are involved.
>
> (3) Degrees of transferability. There are degrees of transferability of skills ranging from very close similarities to remote and incidental similarities among jobs. A complete similarity of all three factors is not necessary for transferability. However, when skills are so specialized or have been acquired in such an isolated vocational setting (like many jobs in mining, agriculture, or fishing) that they are not readily usable in other industries, jobs, and work settings, we consider that they are not transferable.

Although the VE said Albert had acquired skills which would transfer to "lighter" work, the VE did not identify specific skills that would transfer to sedentary work as a dispatcher. Since the VE was unable to specify any transferable skills, his previous statement that Albert does not have any skills that are transferable to sedentary work is uncontradicted and accepted by the court.

3.

The court must next consider whether a remand is required in this case.

When the ALJ found that Albert could not return to his past relevant work, the burden shifted to the Commissioner to show that Albert can perform other work in the national economy. Jones v. Heckler, 702 F.2d 616, 620 (5th Cir. 1983). The law provides that the Commissioner can meet that burden if he can prove that Albert's residual functional capacity, age, education and previous work experience match those set out in any "Rule" of the Medical-Vocational Guidelines found in 20 C.F.R. Pt. 404, Subpt. P, App. 2

11

("the grids") that directs a conclusion that the claimant is not disabled. Sec. 200.00(a) of Appendix 2 states this as follows:

> "Where the findings of fact made with respect to a particular individual's vocational factors and residual functional capacity coincide with all of the criteria of a particular rule, the rule directs a conclusion as to whether the individual is or is not disabled."

The U.S. Supreme Court has upheld the use of these Guidelines by the Commissioner in lieu of calling a vocational expert to testify. Heckler v. Campbell, 461 U.S. 458, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983). Also, Harrell v. Bowen, 862 F.2d 471, 478 (5th Cir. 1988).

Albert was 51 years old at the time of his February 2005 administrative hearing and is 53 years old as of the date of this report (Tr. p. 180). As discussed above, the ALJ's finding that Albert has work skills that are transferable to sedentary work (Tr. p. 17) is incorrect and not supported by the evidence of record. Since Albert can perform only sedentary work, has a high school education, has no transferable work skills, and is closely approaching advanced age, a conclusion that Albert is disabled is directed by Rule 201.14 of the Medical-Vocational Guidelines. See App. 2, § 200.00(b)("Where the findings of fact made with respect to a particular individual's vocational factors and residual functional capacity coincide with all of the criteria of a particular rule, the rule directs a conclusion as to whether the individual is or is not disabled.").

There is sufficient evidence in the record before this court on which to make a disability determination pursuant to the

12

Medical-Vocational Guidelines, and the Commissioner has failed to carry her burden of showing by vocational expert testimony that there is some job which exists in significant numbers in the national economy which Albert can perform. Therefore, the final decision of the Commissioner should be reversed and judgment entered in favor of Albert. Albert's case should be remanded to the Commissioner for the purpose of calculating benefits from the May 9, 2003 disability onset date.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that the final decision of the Commissioner be REVERSED, that JUDGMENT BE ENTERED IN FAVOR OF ALBERT awarding disability income benefits from May 9, 2003, and the case REMANDED to the Commissioner for the purpose of calculating Albert's benefits.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL**

BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 18th day of January, 2007.

　　　　　　　　　　　　　　　　JAMES D. KIRK
　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE